E-FILED
Thursday, 08 May, 2008  02:06:07 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY SHOULTZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 08-3109 |
| | ) |
| TERRY L. MCCANN, | ) |
| | ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Pending before the Court are Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 8), Application for Leave to Proceed in Forma Pauperis (d/e 4), and Motion for Appointment of Counsel (d/e 5). The Court notes that Petitioner paid the requisite filing fee on April 18, 2008, thus the request for leave to proceed in forma pauperis is denied as moot. Receipt (d/e 7). With respect to Petitioner's request for appointment of counsel, there is no guaranteed right to the assistance of counsel in a civil case. See DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). If the Court finds it necessary to hold a hearing on Shoultz's Petition, the Court will appoint counsel pursuant to Rule 8 of the Rules

Governing 28 U.S.C. § 2254 cases; however, at this stage, the request for appointment of counsel is denied.

The Court turns now to the initial consideration of the Petition under Rule 4 of the Rules Governing § 2254 Cases.  After a review of the Petition, this Court finds that a summary dismissal is not warranted.  Therefore, pursuant to Rule 4, the Court directs the Attorney General for the State of Illinois to respond to the Petition.  The response shall discuss the merits and the procedural posture of the Petition, <u>i.e.</u> whether Petitioner has exhausted his state remedies and/or procedurally defaulted any of his claims.  <u>See</u> Rule 5 of the Rules Governing § 2254 Cases.

THEREFORE, the Application for Leave to Proceed in Forma Pauperis (d/e 4) is DENIED as MOOT, and the Motion for Appointment of Counsel (d/e 5) is DENIED.  The Attorney General for the State of Illinois is ordered to file on or before June 20, 2008, an answer pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases to Petitioner's Petition for a Writ of Habeas Corpus (d/e 8).  Petitioner is granted 21 days from the time the answer is filed to file a reply.

IT IS THEREFORE SO ORDERED.

ENTER:   May 8, 2008

FOR THE COURT:

                                                                           s/ Jeanne E. Scott
                                                                JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE