IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONY SHOULTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-3109 |
| | ) | |
| TERRY McCANN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Tony Shoultz's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 8) (Petition), Respondent's Motion to Dismiss (d/e 17) (Motion to Dismiss), and Petitioner's Motion Regarding Missing Exhibits from Respondent's Motion to Dismiss (d/e 20) (Motion Regarding Exhibits).  Shoultz is currently imprisoned at the Stateville Correctional Center in Joliet, Illinois, where he is serving two concurrent terms of natural life imprisonment.  He asserts several grounds on which he seeks habeas corpus relief.  For the reasons set forth below, the Motion Regarding Exhibits is denied as moot, the Motion to Dismiss is allowed, and Shoultz's Petition is dismissed.

1

## BACKGROUND

In January 1996, Shoultz was convicted following a jury trial in the Circuit Court of Sangamon County, Illinois, of first degree murder and intentional homicide of an unborn child. He was subsequently sentenced to two concurrent terms of natural life in prison. Shoultz appealed his conviction to the Illinois Appellate Court for the Fourth District, which affirmed in an opinion dated June 30, 1997. People v. Shoultz, 682 N.E.2d 446 (Ill.App. 4th Dist. 1997). Shoultz then filed a Petition for Leave to Appeal (PLA), which the Illinois Supreme Court denied on December 3, 1997. People v. Shoultz, 689 N.E.2d 1145 (Ill. 1997) (Table). Shoultz did not petition the United States Supreme Court for certiorari.

Shoultz asserts that he attempted to file a pro se post-conviction petition on June 3, 1998, but the "courts never filed it and lost it." Petitioner's Motion in Response to Respondent's Motion to Dismiss (d/e 21) (Petitioner's Response), p. 14. Shoultz has provided a notarized Notice of Filing indicating that he mailed copies of a petition for post-conviction relief to the trial judge, the State's Attorney, and the Circuit Clerk on June 3, 1998. Id., Ex. I. However, as previously noted, Shoultz acknowledges that this June 1998 petition was never filed. Petitioner's Response, p. 14.

The docket from the Circuit Court reveals that the Appellate Court Mandate was docketed on January 7, 1998, and that an Appellate Court order assessing costs was docketed on July 17, 1998. Motion to Dismiss, Ex. D, p. 25. The next activity on the docket relates to a June 2001 letter from Shoultz to Judge Koval, who had presided over his trial. Id.; see also Petitioner's Response, Ex. S (the applicable portion of the criminal docket sheet).

On June 23, 2003, the Circuit Clerk docketed correspondence and documents sent from Shoultz to Judge Koval. Motion to Dismiss, Ex. D, p. 26. In a text order, dated June 23, 2003, Judge Koval indicated that he considered the correspondence and documents to be a post-conviction petition and directed the State to answer or otherwise plead within thirty days. With leave of Court, Shoultz filed an amended petition for post-conviction relief, which the Court docketed, nunc pro tunc, as of December 30, 2003. Petitioner's Response, Ex. TT. Shoultz's request for post-conviction relief was denied by the Circuit Court on January 22, 2004. Id., Ex. UU & VV. Shoultz appealed to the Illinois Appellate Court for the Fourth District, which affirmed in an order dated April 27, 2006. Motion to Dismiss, Ex. B. Shoultz filed a PLA, which the Illinois Supreme Court

denied on March 28, 2007.  People v. Shoultz, 865 N.E.2d 975 (Ill. 2007) (Table).  Shoultz did not petition the United States Supreme Court for certiorari.

Nearly one year later, Shoultz filed the pending Petition.  The Petition contains a certificate of mailing, in which Shoultz indicates that he placed it in the U.S. Mail at Stateville Correctional Center on March 24, 2008.  The Court recognizes that the mailbox rule sets the operative date for determining when a pro se prisoner's habeas petition is filed as the date on which it is delivered to the proper prison authorities for mailing.  Jones v. Bertrand, 171 F.3d 499, 501-02 (7th Cir. 1999).  Thus, although it was docketed on April 18, 2008, the Court deems the Petition filed on March 24, 2008.

## ANALYSIS

A.   MOTION REGARDING EXHIBITS

Shoultz contends that when he received the Motion to Dismiss, Exhibits A through D were missing.  Shoultz identifies the missing exhibits as follows: Ex. A – Order denying PLA in People v. Shoultz, 689 N.E.2d 1145 (Ill. 1997) (Table); Ex. B – Order in People v. Shoultz, 4-04-0126 (Ill. App. Apr. 27, 2006); Ex. C – Order denying PLA in People v. Shoultz, 865

4

N.E.2d 975 (Ill. 2007) (Table); and Ex. D – Circuit Court docket in People v. Shoultz, 94-CF-319.  Motion Regarding Exhibits, p. 1-2.  The Court notes that these descriptions correspond to the Exhibits filed with the Court.  Motion to Dismiss, Ex. A - D.  Shoultz asks for additional copies of the Exhibits and other relief related to the prison mail system.  The Motion Regarding Exhibits is denied as moot.  Shoultz's pending Petition references the information contained in Exhibits A and C, relating to the orders denying his PLAs.  Petition, p. 4 & 11.  Shoultz himself submitted a copy of Exhibit B, the Appellate Court Order on his 2003 post-conviction petition, as an Exhibit to his Petition.  Petition, p. 60. Additionally, Shoultz is clearly familiar with the procedural history of his case and has filed a Response to the Motion to Dismiss, which includes as an Exhibit the relevant portion of the criminal docket sheet.  Petitioner's Response, Ex. S.  The Court turns its attention to Respondent's Motion to Dismiss.

    B.    MOTION TO DISMISS

Respondent moves to dismiss Shoultz's Petition as untimely.  Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to

applications for federal habeas corpus relief from a state court judgment.[1] This limitations period runs from the latest of four expressly identified dates. 28 U.S.C. §§ 2244(d)(1)(A)-(D). It is clear that 28 U.S.C. §§ 2244(d)(1)(B), (C), & (D) are not applicable to the instant case. Under § 2244(d)(1)(A), the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." After the Illinois Supreme Court denied his PLA on December 3, 1997, Shoultz did not petition the United States Supreme Court for certiorari. Thus, his conviction became final for § 2254 purposes when the ninety-day time period to seek review in the United States Supreme Court expired, on March 3, 1998. 28 U.S.C. § 2244(d)(1)(A), Sup. Ct. R. 13; Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008). Section 2244's one-year statute of limitations began to run on March 3, 1998.

Shoultz invokes § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[1] Shoultz's conviction became final after the April 24, 1997, enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); thus, § 2244(d)(1)'s one-year statute of limitations applies. AEDPA, 28 U.S.C. § 2254.

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). It is clear from the record that Shoultz's June 3, 1998, post-conviction petition was never properly filed, and Shoultz does not argue that it was.[2] Instead, Shoultz asserts that the December 22, 2003, post-conviction petition tolled the § 2244 statute of limitations. Petitioner's Response, p. 12. However, by the time that the December 22, 2003, post-conviction petition was filed, over five years had passed since the time Shoultz's criminal judgment had become final. Section 2244(d)(1)'s one-year limitations period had expired. Shoultz's Petition is, thus, untimely and must be dismissed.

To the extent equitable tolling principles are available to habeas petitioners in this Circuit, Shoultz fails to satisfy the standard necessary to qualify for equitable tolling. See Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008) ("the very availability of equitable tolling for habeas corpus petitioners is dubious in this circuit . . . ."). In order for equitable tolling to apply, Shoultz must show that: (1) he has been diligently pursuing his

---

[2]The argument section of Petitioner's Response is consistent with the allegations of the Petition. In the section of the Petition that addresses collateral proceedings, Shoultz does not mention the June 1998 post-conviction petition, but indicates that he filed his first post-conviction petition on June 23, 2003. Petition, p. 11.

rights, and (2) some extraordinary circumstance stood in his way. Id. Viewing the evidence in the light most favorable to Shoultz, the record in the instant case reveals that, after attempting to file a post-conviction petition in June 1998, Shoultz failed to take additional action in pursuit of post-conviction relief until June 2003. Shoultz failed to diligently pursue his rights, and thus, equitable tolling does not apply to extend § 2244's limitation period.

Additionally, even if the June 1998 post-conviction petition had been properly filed, Shoultz's instant Petition would be untimely. Three months elapsed from March 3, 1998, to June 3, 1998. Excluding the entire period from June 3, 1998, until the Illinois Supreme Court denied Shoultz's PLA on March 28, 2007, another 363 days elapsed before Shoultz filed the instant Petition on March 24, 2008. It is well-established in the Seventh Circuit that the limitations period is not tolled during the time a state post-conviction petitioner could have, but did not, file a petition for certiorari with the United States Supreme Court. Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). Thus, Shoultz filed outside the one-year limitation period under this set of facts as well.

THEREFORE, as set forth above, Respondent's Motion to Dismiss

(d/e 17) is ALLOWED, and Petitioner Tony Shoultz's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 8) is DISMISSED. Petitioner's Motion Regarding Missing Exhibits from Respondent's Motion to Dismiss (d/e 20) is DENIED as MOOT. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 23, 2009

       FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE