IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY SHOULTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 08-3109 |
| ) | |
| TERRY McCANN, ) | |
| ) | |
| Respondent. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Tony Shoultz has filed a Notice of Appeal (d/e 25), which the Court construes as a Motion for Certificate of Appealability (d/e 27) (COA Request). For the reasons set forth below, Shoultz's COA Request is denied.

Shoultz was convicted in January 1996 of first degree murder and intentional homicide of an unborn child in the Circuit Court of Sangamon County, Illinois. He was subsequently sentenced to two concurrent terms of natural life imprisonment. Shoultz appealed his conviction to the Illinois Appellate Court for the Fourth District, which affirmed in an opinion dated June 30, 1997. People v. Shoultz, 682 N.E.2d 446 (Ill.App. 4th Dist. 1997).

1

Shoultz then filed a Petition for Leave to Appeal (PLA), which the Illinois Supreme Court denied on December 3, 1997. People v. Shoultz, 689 N.E.2d 1145 (Ill. 1997) (Table). Shoultz did not petition the United States Supreme Court for certiorari.

Shoultz asserts that he attempted to file a pro se post-conviction petition on June 3, 1998, but the "courts never filed it and lost it." Petitioner's Motion in Response to Respondent's Motion to Dismiss (d/e 21) (Petitioner's Response), p. 14. The docket from the Circuit Court reveals that the Appellate Court Mandate was docketed on January 7, 1998 and that an Appellate Court order assessing costs was docketed on July 17, 1998. Motion to Dismiss (d/e 17), Ex. D, p. 25. The next activity on the docket relates to a July 2001 letter from Shoultz to Judge Koval, who had presided over his trial. Id. On June 23, 2003, the Circuit Clerk docketed correspondence and documents sent from Shoultz to Judge Koval. Id., p. 26. In a text order, also dated June 23, 2003, Judge Koval indicated that he considered the correspondence and documents to be a post-conviction petition. After briefing, Shoultz's request for post-conviction relief was denied by the Circuit Court on January 22, 2004. Shoultz appealed to the Illinois Appellate Court for the Fourth District, which affirmed in an order

dated April 27, 2006. Motion to Dismiss, Ex. B. Shoultz filed a PLA, which the Illinois Supreme Court denied on March 28, 2007. People v. Shoultz, 865 N.E.2d 975 (Ill. 2007) (Table). Shoultz did not petition the United States Supreme Court for certiorari.

Respondent moved to dismiss Shoultz's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 8) (Petition) as untimely. The Court applied the mailbox rule and determined that the Petition was filed on March 24, 2008. The Court determined that 28 U.S.C. § 2244(d)(1)(A) governed the calculation of the statue of limitations in Shoultz's case. Under § 2244(d)(1)(A), the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Court determined that Shoultz's conviction became final on March 3, 1998, when the ninety-day time period to seek review in the United States Supreme Court expired, citing Sup. Ct. R. 13 and the Seventh Circuit decision in Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008). Thus, the Court held that the limitations period began to run on March 3, 1998. The Court noted that the period would be tolled during the pendency of a properly filed state post-conviction petition under 28 U.S.C. § 2244(d)(2). Based on the record

evidence, however, the Court determined that Shoultz did not properly file a state post-conviction petition until December 22, 2003, over five years after Shoultz's conviction became final. Thus, the Court determined that § 2244(d)(1)'s one-year limitation period had expired prior to the filing of the state post-conviction petition and § 2244(d)(2) tolling could not save Shoultz's claim. The Court further held that, to the extent equitable tolling principles apply to habeas petitioners in this Circuit, Shoultz failed to satisfy the standard necessary to qualify for equitable tolling, citing Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008).

Finally, in the alternative, the Court found that, even if the June 3, 1998, state post-conviction petition had been properly filed, Shoultz's Petition was, nevertheless, untimely. The Court found that three months elapsed from March 3, 1998, to June 3, 1998. The Court then excluded the entire period from June 3, 1998, until March 28, 2007, the date that the Illinois Supreme Court denied Shoultz's PLA relating to the December 22, 2003, state post-conviction petition. The Court determined that another 363 days elapsed before Shoultz filed the instant Petition on March 24, 2008. The Court recognized that, under Seventh Circuit precedent, the limitations period is not tolled during the time a state post-conviction

4

petitioner could have, but did not, file a petition for certiorari with the United States Supreme Court. See Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). Thus, the Court determined that Shoultz filed outside § 2244(d)(1)'s one-year limitation period under this set of facts as well.

Shoultz seeks to appeal the dismissal of his Petition. Appellate proceedings on collateral review, however, cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2254 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Shoultz indicated that he wishes to appeal the entire Opinion (d/e 22), dated March 23, 2009. Shoultz specifically cites subsections A and B of the Analysis section of the Opinion; thus, the Court will address each issue in determining whether a COA should issue. Subsection A of the Analysis denied as moot Shoultz's Motion Regarding Missing Exhibits from Respondent's Motion to Dismiss (d/e 20) (Motion Regarding Exhibits).

The record revealed that Shoultz had access to the allegedly missing exhibits. Nothing in the disposition of the Motion Regarding Exhibits could be construed to constitute the denial of a constitutional right. Shoultz's request for a COA on this issue is denied.

In subsection B of its Analysis, the Court allowed Respondent's Motion to Dismiss as set forth above. In cases such as the instant one, the Supreme Court has instructed as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not disagree with this Court's calculation of the limitations period in the instant case. Shoultz did not assert that the June 3, 1998, state post-conviction petition was properly filed. The December 22, 2003, state post-conviction petition was filed over five years after Shoultz's conviction became final and after § 2244(d)(1)'s one-year limitation period had expired. Shoultz failed to identify or establish a basis for equitable tolling. Furthermore, the Court

determined that, even if the June 3, 1998, state post-conviction petition had been properly filed, nearly fifteen months of unexcluded time would have passed prior to the filing of the current Petition.  Therefore, Shoultz's COA Request is denied.

    THEREFORE, Petitioner Tony Shoultz's Motion for Certificate of Appealability (d/e 27) is DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   April 28, 2009

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE